**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOWAD BUTT,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK, N.A.,<br><br>Defendant. | Case No. 1:18-cv-00249-NGG-SJB |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Chase Bank USA, N.A. ("Chase"), incorrectly named in the Complaint as Chase Bank, N.A., files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**PARTIES IN THE COMPLAINT**[1]

1. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denied.

4. Denied.

[1] Chase does not admit any of the allegations contained in Plaintiff's headings and repeats them here for organizational purposes only.

## JURISDICTION

5. The allegations in paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Chase admits that the Court has subject-matter jurisdiction over this action brought under the TCPA.

6. Chase admits that Plaintiff purports to sue under the Telephone Consumer Protection Act. Chase otherwise denies the allegations in paragraph 6.

7. The allegations in paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, Chase admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

8. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

9. To the extent the allegations in paragraph 9 are conclusions of law, no response is required. To the extent a response is required, Chase denies the allegations in paragraph 9, except admits that Chase did attempt to collect a financial obligation owed it by Plaintiff.

10. Chase denies the allegations in paragraph 10, except admits that Plaintiff asked that he not be called by automated dialers.

11. Admitted.

12. Denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted

17. Denied.

18. Denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Denied.

24. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Denied.

40. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Denied.

42. Denied.

## TELEPHONE CONSUMER PROTECTION ACT

43. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

44. The allegations in paragraph 44 are conclusions of law and no response is required. To the extent a response is required, Chase respectfully refers the Court to the TCPA's legislative history, which speaks for itself.

45. The allegations in paragraph 45 are conclusions of law and no response is required. To the extent the allegations purport to characterize the TCPA, Chase respectfully refers the Court to the statute, which speaks for itself.

46. The allegations in paragraph 46 are conclusions of law and no response is required. To the extent the allegations purport to characterize the TCPA, Chase respectfully refers the Court to the statute, which speaks for itself.

47. The allegations in paragraph 47 are conclusions of law and no response is required. To the extent a response is required, Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. The allegations in paragraph 48 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

49. The allegations in paragraph 49 are conclusions of law and no response is required. To the extent the allegations purport to characterize Federal Communication Commission rules, Chase respectfully refers the Court to the rules, which speak for themselves.

50. The allegations in paragraph 50 are conclusions of law and no response is required. To the extent the allegations purport to characterize *Giovanniello v. AML Media, LLC*, Chase respectfully refers the Court to that opinion, which speaks for itself.

51. Denied.

52. Denied.

53. Denied.

54. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Denied.

57. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. The allegations in paragraph 60 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

61. Denied.

**SUMMARY**

62. Denied.

63. The allegations in paragraph 63 are conclusions of law and no response is required. To the extent the allegations purport to characterize Federal Communication Commission findings, Chase respectfully refers the Court to those findings, which speak for themselves.

64. The allegations in paragraph 64 are conclusions of law and no response is required. To the extent the allegations purport to characterize *Gregory v. Chicago* and *Carey v. Brown*, Chase respectfully refers the Court to those opinions, which speak for themselves.

65. The allegations in paragraph 65 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

66. Denied.

67. Denied.

68. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

**TCPA AUTODIALERS**

69. The allegations in paragraph 69 are conclusions of law and no response is required. To the extent the allegations purport to characterize the TCPA, Chase respectfully refers the Court to the statute, which speaks for itself.

70. The allegations in paragraph 70 are conclusions of law and no response is required. To the extent the allegations purport to characterize Federal Communication Commission guidance, Chase respectfully refers the Court to that guidance, which speaks for itself.

**CAUSE OF ACTION**
**FIRST COUNT**

71. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

72. The allegations in paragraph 72 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

73. The allegations in paragraph 73 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

74. The allegations in paragraph 74 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

75. The allegations in paragraph 75 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

**SECOND COUNT**

76. Chase repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth here.

77. The allegations in paragraph 77 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

78. The allegations in paragraph 78 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

79. The allegations in paragraph 79 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

80. The allegations in paragraph 80 are conclusions of law and no response is required. To the extent a response is required, Chase denies the allegations.

81. To the extent Plaintiff makes allegations in the Prayer for Relief following paragraph 80, Chase also denies those allegations. All allegations in the Complaint not specifically admitted or otherwise answered are denied.

**DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Chase asserts the following defenses. Chase reserves the right to assert further defenses that may arise or be identified in the course of further investigation, discovery, or litigation of this action.

**FIRST DEFENSE**

The called party gave express consent in writing to receive auto-dialed communications from Chase and did not/could not unilaterally revoke that consent.

**SECOND DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Damages alleged are speculative in nature, not reasonably certain, discernable, or calculable, and are non-recoverable losses.

**FOURTH DEFENSE**

The claims alleged and relief sought by Plaintiff are barred, in whole or in part, because Chase acted in good faith and in conformity with all applicable state and federal statutes, and did not knowingly or willfully violate any provision of law.

**FIFTH DEFENSE**

Plaintiff's claims against Defendant are barred, in whole or in part, by unclean hands, consent, or other related equitable doctrines.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate any alleged losses.

**SEVENTH DEFENSE**

To the extent Plaintiff recovers any damages in this case, such damages are subject to an offset for amounts due and owing to Chase.

**EIGHTH DEFENSE**

Plaintiff lacks standing to maintain some or all of his claims.

Dated: New York, New York
February 5, 2018

Respectfully submitted,

/s/ Alan E. Schoenfeld

Alan E. Schoenfeld
Channing Jay Turner
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Ph. (212) 230-8800
Fax (212) 230-8888
Email: alan.schoenfeld@wilmerhale.com
channing.turner@wilmerhale.com

*Attorneys for Defendant*